**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **IDALIA ZAPATA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **C.A. NO. _____** |
| | § | |
| **HUDSON INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## HUDSON INSURANCE COMPANY'S NOTICE OF
## REMOVAL PURSUANT TO 28 U.S.C. § 1332(a) AND 28 U.S.C. § 1441(a)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

      **COMES NOW**, Defendant Hudson Insurance Company ("Hudson") and files its Notice of Removal Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §1441(a) and would show unto the Court the following:

# I.
# Overview

      1.    On August 8, 2017, the Plaintiff, Idalia Zapata ("Plaintiff" or "Plaintiff Ms. Zapata"), filed suit in State District Court:  Cause No. 17-08-34630-MCV; in the 293rd Judicial District Court of Maverick County, Texas ("the State Court Case").  On August 21, 2017, via its registered agent, Hudson was served with Citation and Plaintiff's Petition.  Now, within 30 days of when Hudson was served, Hudson files its Notice of Removal under 28 U.S.C. Section 1332(a) and 28 U.S.C. Section 1441(a).

      2.    <u>This Removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and cost.</u>

## II.
## Factual Background

3.      This is a UM/UIM (underinsured) claim/case.

4.      This case arises from a January 16, 2015 vehicle accident ("the accident") which occurred in Eagle Pass, Maverick County, Texas.  Plaintiff was allegedly struck by a vehicle that was driven by Cesar Eduardo Villarreal.

5.      In her State Court Petition, she alleges that when the accident occurred, she was covered by an Automobile Liability Policy issued by Hudson and that the vehicle driven by Mr. Villarreal – the vehicle which caused the Plaintiff's alleged damages – was an "underinsured motor vehicle" as defined in the Hudson Policy.  Plaintiff also asserts that she notified Hudson of her claim under the Policy and that Hudson failed to pay "the full amount of benefits" owed.

6.      The Plaintiff alleges causes of action against Hudson based on (a) breach of contract; (b) unfair claims settlement practices under Texas Insurance Code Section 541.060; and (c) breach of the duty of good faith and fair dealing.  And she also seeks a declaratory judgment that her alleged damages fall within the coverage of the Policy and which specifies the amount of "damages, interest and court costs that [Hudson] is obligated to pay."

7.      Significantly, and pertinent to the amount in controversy, in her Petition, she alleges that Mr. Villarreal's alleged negligence was a proximate cause of **"significant damages"** to her, which she asserts includes the following:  "(a) reasonable and necessary medical expenses in the past; (b) reasonable and necessary medical costs in the future; (c) physical pain and mental anguish suffered in the past; (d) physical pain and mental anguish that, in reasonable probability, will be suffered in the future; (e) any physical impairment in the past and future."  (See Exhibit "2", p. 2) These allegations are insightful as to the extent of damages alleged and sought by Plaintiff. Although Texas Rule of Civil Procedure 47 requires a plaintiff to disclose/state the range of

monetary relief sought, the Plaintiff's Petition does not comply with the Rule as no range of monetary relief is stated. (See Exhibit "2); Tex. R. Civ. P. 47(c)(1) – (5).

8.      As demonstrated below, diversity of citizenship is indisputable and Hudson has submitted Affidavit testimony which establishes that the amount in controversy clearly *exceeds* the jurisdictional threshold of $75,000.

## III.
## The Notice of Removal Is Timely And Properly Filed

9.      The Plaintiff's suit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

10.      This removal is timely; this Notice of Removal of Cause No. 17-08-34630-MCV is filed within 30 days of service upon Hudson of the Plaintiff's initial pleading(s) (Original Petition) setting forth the claims for relief upon which the action is based. 28 U.S.C. § 1446(b); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999) (30 day period for removal does not begin to run until a defendant party has been properly served).

11.      Under U.S.C. § 1446(a), the United States District Court for the Western District of Texas, Del Rio Division, is the proper forum in which to file this Notice of Removal because it is the Federal District Court and Division that embraces Maverick County, Texas, where Cause No. 17-08-34630-MCV was filed.

12.      The removing party, Hudson, is the sole Defendant; therefore, no further consent is required.

13.      Concurrently with this Notice of Removal, Defendant Hudson is also filing a copy of this Notice (*without* the attached exhibits) in the 293rd Judicial District Court in which Cause No. 17-08-34630-MCV was filed.

## IV.
## Statement Of Jurisdiction:  This Removal Is Proper
## Under 28 U.S.C. § 1332(a) And 28 U.S.C. § 1441(a)

14.     Removal of the State Court lawsuit is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441 because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### *There Is Complete Diversity Between The Parties*

15.     Plaintiff is an individual and according to her Petition, she resides in Maverick County, Texas; therefore, she is a citizen of Texas for diversity of jurisdiction purposes. Coury v. Prot, 85 F.3d 244, 248-250 (5th Cir. 1996).  Hudson is an insurance company formed under the laws of the State of Delaware and it maintains its principal place of business at 100 William Street, 5th Floor, New York, New York 10038.  Thus, Hudson is a citizen of Delaware and New York.  28 U.S.C. § 1332(c)(1).  Accordingly, there is *complete diversity* because the Plaintiff is not a citizen of the same state as Hudson.

### *The Amount In Controversy Exceeds The $75,000 Threshold*

16.     As to the amount in controversy, when, as here, the Petition does not state the amount of monetary relief/damages sought, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638-639 (5th Cir. 2003); Rios v. Liberty Mut. Fire Ins. Co., 2017 WL 3274456 at *2 (W.D. Tex. [Del Rio Div.] 2017).  The removing party can meet its burden through "summary judgment type evidence" that bears upon the amount in controversy. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Rios, 2017 WL 3274456 at *3.

17.     For example, it is well established that a plaintiff's pre-suit settlement demand letter(s) can be prominently considered in regard to whether the amount in controversy exceeds the jurisdictional threshold. Rios, 2017 WL 3274456 at *4 ("federal district court frequently consider pre-suit demand letters for assistance in determining whether the evidence preponderates in favor of finding that there is a sufficient amount in controversy"); see also Gates v. Allstate Texas Lloyds, 2016 WL 8138816 at *8 (W.D. Tex. [El Paso Div.] 2016); Arias v. Allstate Tex. Lloyds, 2016 WL 6915273 at *6 (W.D. Tex. 2016); Williams v. Companion Prop. & Cas. Ins. Co., 2013 WL 2338227 at *1 (S.D. Tex. 2013).

18.     In addition, the extent of a plaintiff's alleged injuries, medical treatment, and medical expenses are also considered in assessing the amount in controversy. See e.g., Evett v. Consolidated Freightways Corp., 110 F.Supp.2d 510, 512 (E.D. Tex. 2000) (amount in controversy was found to exceed $75,000, where the future medical expenses, alone, totaled approximately $71,000 and thus, such amount did not include compensation for the non-economic damage elements); see also Wise v. Bayer, 281 F.Supp.2d 878, 884-885 (W.D. La. 2003) (amount in controversy exceeded $75,000 where stated damages were less than $50,000, but did not account for compensation for ongoing alleged injuries).

19.     In Rios, although the plaintiff's state court petition sought "monetary relief of no more than $74,500 including damages of any kind…", in finding that the amount in controversy exceeded the $75,000 threshold, Magistrate Judge Garcia found that the amount in controversy exceeded $75,000 because (a) the plaintiff's pre-suit demand letter was for $74,500, and $67,000 was asserted to be the plaintiff's actual damages for the property damage loss; (b) the plaintiff asserted causes of action which provided recovery for statutory penalties under the Texas Insurance Code, a recovery of attorney's fees, and he also sought mental anguish damages; and (c)

when adding the potential recovery for the additional damages to the $67,000 in actual damages, Judge Garcia concluded that "*unquestionably*, the amount in controversy exceeds the $75,000 threshold." Id. at *4.

20.     In St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998), in a dispute over whether the plaintiff's arson loss was covered by his homeowner's policy with a $35,000 limit, the carrier, St. Paul, filed a complaint for *declaratory judgment* in federal court, alleging that the court had jurisdiction under Section 1332. Id. at 1251-1252.  After the District Court found that it lacked jurisdiction, the Fifth Circuit *reversed* and relied on the pre-complaint letters which the plaintiff's attorney had sent to St. Paul – demanding coverage and threatening to seek "all damages available to [the plaintiff] under the various common law or statutes relative to this case" and, "any penalties and interest to which [the plaintiff] may be entitled." Id. at 1254. To this extent, since the policy limit was $35,000, when also considering attorney's fees, and the 18% statutory damages which were potentially available/recoverable under the Texas Insurance Code, the Fifth Circuit concluded that the amount in controversy likely exceeded the statutory threshold (which was then $50,000). Id. at 1254-1255.

21.     **Here, the $75,000 amount in controversy threshold is easily exceeded**.

22.     At the outset, as set forth above, in her Petition, Ms. Zapata alleges "significant damages" and specifies that she seeks recovery for past and future medical expenses/medical costs; compensation for her past and future physical pain and mental anguish, as well as for her alleged past and future physical impairment.  (See Exhibit "2," p. 2)  While Hudson submits supporting Affidavit testimony and does not solely rely on these allegations, the extent of the damages sought provide some context and indication as to the amount in controversy.  See generally Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (due to plaintiff's allegations in seeking

recovery for a number of damages elements, the Court found that it was apparent from the Petition that the claimed damages exceeded $75,000).

23.     With this in mind, Hudson submits the Affidavit testimony of Mr. Michael McGee, the Liability Adjuster of Trial First Liability Claims ("Tribal First"), a Third Party Administrator for Hudson.  The Affidavit of Mr. McGee proves-up the following in regard to the Plaintiff's claims and allegations regarding her alleged medical expenses, alleged injuries/complaints, and medical treatment:

- In a letter dated January 30, 2017 from Ms. Zapata's counsel (Mr. Charles Shattles), counsel stated that the Plaintiff's medical expenses totaled **$75,438.95**.  (See Exhibit "1," p. 1-2)

- On September 5, 2015, Dr. Juan Cervantes Garcia recommended a lumbar surgery and he approximated that the cost of the surgery is **$75,000**.  (Id. at p. 2)  The cost of the recommended surgery is not included in the medical expenses which Plaintiff's counsel stated in his January 30, 2017 letter.  (Id.)

- When adding the medical expenses stated in Plaintiff counsel's January 30, 2017 letter to the estimated cost of the lumbar spine surgery, the **medical expenses** total **$150,438.95**.

- The treatment which the Plaintiff has received from Dr. Cervantes Garcia includes the following:

| Date | Treatment |
|---|---|
| **November 13, 2015** | L5-S1 epidural steroid injection |
| **January 9, 2016** | L5-S1 epidural steroid injection |
| **May 21, 2016** | L5-S1 epidural steroid injection |
| **November 16, 2016** | 'Electro-Termal (neuro-lysis) with radio-frecuence on her both L4-L5 and L5-S1 facets;' a surgical intervention type of procedure. (Id. at p. 2) |

7

- When Plaintiff Ms. Zapata first saw Dr. Cervantes Garcia, <u>she alleged/reported that as a result of the accident, she injured her "head, cervical, thoracic and lumbar spine as well as chest, left hip and right foot.</u>" (<u>Id</u>. at p. 3)

24. Based on Plaintiff's counsel's January 30, 2017 letter and the medical records provided as a part of such letter, Plaintiff is claiming/alleging total medical expenses of $150,438.95. Also, the treatment which Plaintiff has undergone with Dr. Cervantes Garcia sheds light on her alleged injuries and alleged damages, and when she first saw Dr. Cervantes Garcia, she alleged/reported that she had injured multiple parts of her body as a result of the accident.

25. Clearly, based on the foregoing, Hudson has shown that the amount in controversy exceeds $75,000.

## V.
## This Notice Of Removal Complies With The Procedural Requirements

26. Pursuant to 28 U.S.C. Section 1446(d), the Plaintiff, via her counsel, is given notice of this Removal and a copy of this Notice is being filed in the State Court.

27. Hudson attaches the following pleadings/documents:

Exhibit "1"  Affidavit of Tribal First Liability Claims (Third Party Administrator for Hudson) which includes and is accompanied by Plaintiff's pre-suit settlement demand letter;

Exhibit "2"  Plaintiff Original Petition and Request for Disclosure filed in State District Court;

Exhibit "3"  Plaintiff's Demand for Jury Trial;

Exhibit "4"  Executed Service of Process upon Hudson, via its Registered Agent C.T. Corporation;

Exhibit "5"  Docket Sheet of the State District Court (requested; receipt pending);

Exhibit "6":  Index of Matters Being Filed;

Exhibit "7":   List of Counsel of Record;

Exhibit "8":   Notice of Filing of Removal filed with the State District Court; and

Exhibit "9"    Civil Cover Sheet.

As to counsel of record, for the Court's convenience, Hudson informs the Court that Plaintiff is represented by Charles Shattles of Watkins & Shattles, P.L.L.C., 926 Chulie Drive, San Antonio, Texas 78216 and Michael Miller of Law Offices of Michael Miller, P.C., 926 Chulie Drive, San Antonio, Texas 78216. Plaintiffs' counsel contact information is as follows: Telephone: (210) 255-6666 and Facsimile (21) 225-2300; Email: chuck@wstriallaw.com.

# VI.
## Conclusion

28.     Based on the foregoing, Hudson has established that the removal of Plaintiff's State Court Petition and Cause No. 17-08-34630-MCV is proper. To that extent, as demonstrated above, Hudson has established this Court has jurisdiction under 28 U.S.C. Section 1332 such that removal of the Plaintiff's State Court Petition and Cause No. 17-08-34630 is proper pursuant to 28 U.S.C. Section 1441(a).[1]

---

[1] While Hudson properly refers to the Plaintiff's Petition and pre-suit letter as a part of establishing the amount in controversy, in filing this Notice of Removal, Hudson does not admit or concede to the Plaintiff's allegations, Plaintiff's entitlement to recover under the claims alleged, and/or Plaintiff's entitlement to the amount of monetary relief sought/demanded in the Petition and/or the pre-suit letter. Also, Hudson does not waive any claims, rights, defenses, motions, etc. by properly removing the Plaintiff's State Court Petition and Plaintiff's case to Federal Court under 28 U.S.C. Section 1332(a) and pursuant to 28 U.S.C. Section 1441(a).

Respectfully submitted,

By ___ /s/ Ken E. Kendrick _____
       **KEN E. KENDRICK**
       Federal I.D. No. 6244
       State Bar No. 11278500
       kkendrick@ksklawyers.com
       **STEVE E. COUCH**
       Federal I.D. No. 12298
       State Bar No. 04875650
       scouch@ksklawyers.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
HUDSON INSURANCE COMPANY**

**OF COUNSEL:**

**Kelly, Sutter & Kendrick, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas   77056
713-595-6000 - Telephone
713-595-6001 - Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of September, 2017, a true and correct copy of this pleading/motion/instrument was served upon counsel for Plaintiff via ECF and Certified Mail Return Receipt Requested and/or United States Mail as follows:

Charles Shattles
Watkins & Shattles, P.L.L.C.
926 Chulie Drive
San Antonio, Texas  78216
**Via Email: chuck@wstriallaw.com
and CMRRR**

Michael Miller
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio, Texas  78216

_____ /s/ Ken E. Kendrick _____
       **KEN E. KENDRICK**